*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN LEE, | Civil Action No. 16-4709 (SDW) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Ivan Lee's motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 challenging his criminal conviction and sentence. (ECF No. 1). Following an order to answer, the Government filed a response to the motion (ECF No. 12), to which Petitioner has replied. (ECF No. 13). For the reasons set forth below, this Court will grant Petitioner a hearing as to his plea-related ineffective assistance of counsel claim, grant Petitioner's request for the appointment of counsel (ECF No. 10) solely for the purposes of that hearing, will deny Petitioner's remaining claims and deny Petitioner a certificate of appealability as to his non-plea related claims.

**I. BACKGROUND**

Because of the nature of Petitioner's claims, only a brief recitation of the background of Petitioner's criminal matter is necessary for the purposes of this opinion. Petitioner was charged with the carjacking of a vehicle and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). *See United States v. Lee*, 634 F. App'x 862, 863 (3d Cir. 2015).

Although Petitioner pled guilty to the carjacking, he denied that he had been the one to use a shotgun during the carjacking, and proceeded to trial on the charge of brandishing a weapon. *Id.* Essentially, Petitioner sought at trial to claim that his co-defendant, Hanzah Darby, had brought and used a shotgun during the carjacking without previously informing Petitioner of the weapon. Following trial, however, the jury rejected that defense and found Petitioner guilty of brandishing a weapon in furtherance of a crime of violence. *Id.* This Court thereafter sentenced Petitioner to a combined sentence of 168 months imprisonment, including a 100 month sentence on the § 924(c) charge. *Id.* Petitioner appealed, and the Third Circuit affirmed by way of an opinion issued on December 8, 2015. *Id.* Petitioner thereafter filed his current motion to vacate sentence. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an

omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

B.  Analysis

1.  **The need for an evidentiary hearing and the appointment of counsel**

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. This Court finds that all of Petitioner's claims other than Petitioner's plea related ineffective assistance claim are clearly without merit, and that no hearing is needed to dispose of those claims. Because, however, Petitioner's plea related claim cannot be rejected on the record currently before the Court insomuch as it rises and falls with the advice counsel gave Petitioner in relation to his plea, information which is outside the record, the Court will hold a hearing only as to Petitioner's plea related claim. Because this Court will hold a hearing as to Petitioner's plea related claim, and because Petitioner qualified for

3

the appointment of counsel in his underlying criminal matter, this Court is required, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, to appoint Petitioner counsel for the purposes of conducting that hearing. Petitioner's request for the appointment of counsel (ECF No. 10) shall therefore be granted only to the extent that counsel shall be appointed for the purposes of conducting an evidentiary hearing as to Petitioner's plea related claim.

**2. Petitioner's *Johnson/Dimaya* claim is without merit**

In his chief claim, Petitioner argues that the residual clause of § 924(c) is unconstitutionally vague pursuant to *Johnson* and *Dimaya* and that carjacking is therefore not a crime of violence sufficient to support his conviction for brandishing a firearm in furtherance of a crime of violence under § 924(c). Petitioner's claim, however, is utterly without merit as it ignores the fact that § 924(c)'s definition of a crime of violence contains a valid force clause under which carjacking, when accompanied by a conviction for brandishing a weapon, is categorically a crime of violence. *See, e.g., Darby v. United States*, No. 18-10654, 2018 WL 3412846, at *2-3 (D.N.J. July 12, 2018). As this Court explained in denying an identical claim in the § 2255 motion filed by Petitioner's codefendant,

> [s]ection 924(c) provides a criminal penalty for any individual who possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c). The statute further defines a "crime of violence" to mean an offense "that is a felony" and either (a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force" or "elements" clause), or (b)"by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual" clause). 18 U.S.C. § 924(c)(3). In *Johnson* and *Dimaya,* the Supreme Court found that the nearly identical residual clauses of two similar statutes were

4

unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1213-1223 (finding residual clause of 18 U.S.C. § 16(b) unconstitutionally vague); *Johnson*, 135 S. Ct. at 2561-2563 (finding residual clause of Armed Career Criminal Act unconstitutionally vague). Neither case, however, invalidated the remaining elements clause of either of those two statutes. Thus, even if this Court were to assume, *arguendo*, that *Johnson* and *Dimaya* render the residual clause of § 924(c) unconstitutionally vague, Petitioner's § 924(c) conviction would remain entirely valid so long as his underlying crime, carjacking pursuant to 18 U.S.C. § 2119(1), was a "crime of violence" under the elements clause of the statute.

While the Third Circuit has not directly addressed the issue of whether carjacking is under all circumstances categorically a crime of violence under § 924(c), all of the Courts of Appeals to do so post-*Johnson* have unanimously held that carjacking under § 2119 is categorically a crime of violence under the elements clause of § 924(c). *See, e.g., United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017) ; *United States v. Evans*, 848 F.3d 242, 245-48 (4th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 (5th Cir. 2017); *In re Smith*, 829 F.3d 1276, 1280-81 (11th Cir. 2016). Unfortunately for Petitioner, he was not only convicted of carjacking, but also of carjacking while brandishing a firearm in violation of 18 U.S.C. § 924(C)(1)(A)(ii). In *United States v. Robinson*, the Third Circuit held that Hobbs Act robbery, which largely mirrors the carjacking statute in that both statutes require that the defendant take either a motor vehicle or property of another by force, violence or intimidation, *see* 18 U.S.C. § 2119; 18 U.S.C. 1951(b)(1), is categorically a crime of violence when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii). *United States v. Robinson*, 844 F.3d 137, 140-44 (3d Cir. 2016). In a concurrence, one judge on the *Robinson* panel went further and followed the Second Circuit in concluding that a crime involving such a requirement is *always* a crime of violence with or without the additional brandishing requirement based on the language Hobbs Act robbery shares with the carjacking statute. *Id.* at 151 (Fuentes, J., concurring, citing *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016), *amended* 890 F.3d 51 (2018)). In *United States v. Foster*, [734 F. App'x 129, 132 n. 5 (3d Cir. 2018)], the Third Circuit applied Robinson and found that carjacking is also categorically a crime of violence when accompanied by a conviction for brandishing a weapon. Thus, the Third Circuit has concluded that carjacking, when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii), is categorically a crime of violence

> pursuant to the elements clause of § 924(c). Because carjacking, when accompanied by the brandishing of a weapon, is categorically a crime of violence under Third Circuit case law and because Petitioner pled guilty to . . . carjacking and [was convicted of] brandishing a weapon, his conviction is categorically a crime of violence under the elements clause of § 924(c), and his conviction is therefore proper even assuming that *Johnson* renders § 924(c)'s residual clause invalid.

*Darby*, 2018 WL 3412846 at *2-3.

Like his co-defendant, Petitioner pled guilty to carjacking. Likewise, Petitioner was also ultimately convicted following trial of brandishing a weapon in furtherance of a crime of violence pursuant to § 924(c). Indeed, in finding Petitioner guilty, the jury specifically found that Petitioner "brandish[ed] [a] firearm in furtherance of a crime of violence" in the form of the carjacking to which Petitioner pled guilty. (*See* Docket No. 13-56 at ECF No. 92). As Petitioner was convicted of both carjacking and brandishing a weapon in furtherance of that carjacking, his underlying crime is categorically a crime of violence under § 924(c)'s elements clause, and Petitioner is not entitled to relief on his *Johnson*/*Dimaya* claim even if *Johnson* and *Dimaya* rendered § 924(c)'s residual clause void. Petitioner's *Johnson* claim is thus denied.

**3. Section 924(c) is not void for vagueness for lack of a maximum sentence**

Petitioner also contends that his conviction under § 924(c) is void as the statute is unconstitutionally vague because it specifies only a minimum, and not a maximum, sentence. Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), a petitioner who brandishes a firearm in furtherance of a crime of violence shall be sentenced to "a term of imprisonment not less than 7 years." Where Congress "provide[s] for 'imprisonment of not less than [a definite term]'" without providing a specific maximum sentence, Congress intends a "maximum [sentence] of life." *United States v.*

6

*Williams*, 892 F.2d 296, 304 (3d Cir. 1989) (quoting *United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir. 1987)), *supersession by statute on other grounds recognized*, *United States v. Dodd*, 225 F.3d 340, 347 n. 4 (3d Cir. 2000). Indeed, the Supreme Court has noted that the statute "alter[s] only the minimum [sentence], the sentencing judge may impose a sentence well in excess of seven years." *Harris v. United States*, 536 U.S. 545, 554 (2002); *overruled on other grounds*, *Alleyne v. United States*, 570 U.S. 99 (2013). Indeed, in his dissent in *Harris*, Justice Thomas specifically observed that "the penalty range [for a petitioner who brandishes a weapon under § 924(c) is] seven years to life imprisonment." 536 U.S. at 576. The Third Circuit has reached the same conclusion, *see United States v. Shabazz*, 564 F.3d 280, 289 (3d Cir. 2009) ("[w]e are persuaded that the express inclusion of a minimum sentence, but not a maximum sentence, indicates an intention to make life imprisonment the statutory maximum" for § 924(c)), as have the other circuit courts to have considered the question. *See United States v. Johnson*, 507 F.3d 793, 798 (2d Cir. 2007); *United States v. Cristobal*, 293 F.3d 134, 147 (4th Cir. 2002); *United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000); *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *United States v. Avery*, 295 F.3d 1158, 1170 (10th Cir. 2002); *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000).. It has thus been clear to all of the circuit courts who have reviewed the statute that § 924(c) imposes a maximum sentence of life imprisonment.

A statute will only be held void for vagueness where "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson*, 135. S. Ct. at 2556. The statute at issue here, the portion of § 924(c) setting forth the penalties for violations of the statute, is not so vague. As the cases above demonstrate, the fact

that the statute has a set minimum but not maximum penalty expresses an intent on the part of Congress to impose a maximum sentence of life imprisonment. Nothing in the statute contradicts that intent, and there is no reason to suppose that something other than life was intended as the statutory maximum. An ordinary person, upon reading the statute, would understand that the statute's lack of an express maximum sentence implies a maximum sentence of life. Because an ordinary person could therefore clearly understand the penalties imposed by the statute, and because there is no evidence of arbitrary enforcement given the clear and widespread acceptance by the courts that the maximum sentence is life imprisonment, Petitioner has failed to show that § 924(c)'s penalty provision is unconstitutionally vague in general or as applied to him. Petitioner was thus neither sentenced unconstitutionally nor in excess of the statutory maximum when he received a sentence of 100 months for brandishing a weapon in furtherance of a crime of violence – only a year and a few months more than the required minimum for the offense for which he was convicted. Petitioner's vagueness challenge to § 924(c)'s penalty provisions is thus without merit and must be rejected as such.

### 4. Petitioner's ineffective assistance of counsel claims

In his remaining claims, Petitioner asserts that he suffered ineffective assistance of counsel during the plea bargaining, pre-trial, and sentencing phases of his conviction. The standard applicable to such claims is clear:

> Claims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed by the Sixth Amendment." *Id.* at 687*; see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

Turning first to Petitioner's claim that counsel was ineffective at sentencing in failing to object to a sentence of more than seven years for brandishing a weapon, Petitioner essentially asserts that counsel should have raised the vagueness argument discussed above centered on the statute's lack of an explicit maximum sentence, and that counsel therefore should have argued that any sentence above seven years – the statutory minimum – violates Due Process. As explained above, however, the statute *has* a maximum sentence – life – and the statute is not unconstitutionally vague as to the appropriate penalty range. The objection Petitioner wishes counsel had raised, then, is utterly without merit, and cannot form the basis of a claim of ineffective assistance of counsel. *See Wets v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (counsel cannot be deemed ineffective for failing to raise a meritless claim"); *see also United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011).

Petitioner next asserts that counsel should have made certain pre-trial objections to the admission of the shotgun found in his co-defendant's apartment, and that counsel's failure to make those motions thus provided him with ineffective assistance. According to the testimony at Petitioner's trial, the shotgun was recovered shortly after state troopers spotted the carjacked vehicle in this case. Trooper Kazan testified that on November 7, 2011, after being informed of the BMW being stolen during an armed carjacking, he and his partner spotted a BMW matching the description of the stolen vehicle with a woman inside with two males – later identified as Petitioner and his codefendant Darby – matching the general description of the carjackers standing just outside the vehicle. (Docket No. 13-56 at ECF No. 84 at 129-132). After calling for assistance, the troopers then approached the vehicle and placed the woman under arrest for

receiving stolen property in the form of the stolen BMW. (*Id.* at 132-34). After the woman told the troopers that Darby had driven the vehicle, they then also placed him under arrest. (*Id.* at 134-35). "[L]ess than two or three minutes" later, Darby's fiancée exited a nearby residence and demanded to know what was happening to Darby. (*Id.* at 135-36, 160). When she became belligerent and began to interfere in Darby's arrest, the troopers arrested her. (*Id.* at 136). Based on the information that the carjackers had been armed, and following the arrival and interference of Darby's fiancée which suggested others might who could be armed and pose a danger to the officers could have been within the residence, two troopers entered the open front door of the residence from which Darby's fiancée had exited to perform a security sweep. (*Id.* at 137, 160-62). During that sweep, the troopers found the door to the apartment on the third floor open while all of the remaining doors were locked. (*Id.* at 162-65). The troopers then entered that third floor open door and while sweeping the area "located a shotgun in plain view" on the floor of a "wide open" closet. (*Id.* at 137-38, 162-65). The troopers later learned that the apartment belonged to Darby, his fiancée, and the woman they had arrested inside the BMW. (*Id.* at 139). Although Petitioner may have lived in that apartment at one point, at the time of the arrest, Petitioner provided a different address as his place of residence to the troopers.[1] (*Id.* at 152-53).

Based on this testimony, it is clear that any motion to suppress the shotgun would have

---

[1] In his brief, Petitioner attempts to argue that the search which produced the weapon occurred as a result of police finding keys to Darby's apartment in his pockets. The trial testimony of the Troopers, however, belies that claim – they clearly testified that the search occurred in the form of a protective sweep that followed from the failure to find a gun on Petitioner or Darby and the interference in their arrest by Darby's fiancée, leading officers to fear that other possibly armed individuals might still be waiting inside to interrupt the arrest. Thus, Petitioner is mistaken to the extent he believes that the keys on his person in any way led to the recovery of the gun.

11

been fruitless. Even if this Court were to assume that Petitioner had standing to object to the protective sweep of Darby's apartment,[2] Petitioner has not shown that a motion to suppress the shotgun would have succeeded. The testimony indicates that, although there was no search warrant at the time of the gun's discovery, that discovery occurred during a legal protective sweep which occurred in response to the report of a shotgun being used in the carjacking, and the trooper's concerns that a further armed individual may follow the example of Darby's fiancé to attack the troopers or otherwise interfere in the arrest of Darby and Petitioner. *See, e.g., Maryland v. Buie*, 494 U.S. 325, 334 (1990) (incident to arrest a police officer may conduct a limited protective sweep of areas of a home where he reasonably suspects dangerous individuals may be hiding without a warrant). It was during this protective sweep that the gun was discovered in plain view of the searching troopers. Police therefore did not need a warrant to seize the weapon discovered in plain view during the protective sweep. *Buie*, 494 U.S. at 330, 334. Any motion to suppress the shotgun would thus have been without merit, and counsel was not ineffective in failing to make such motion. *Wets*, 228 F.3d at 203; *Aldea*, 450 F. App'x at 152.

Although the fruitlessness of the motion is sufficient to render Petitioner's claim meritless,

---

[2] In order to raise a Fourth Amendment objection to a search, a defendant "must show that his own constitutional rights have been violated by the search in question, *i.e.*, that he has standing." *United States v. King*, 364 F. App'x 781, 786 (3d Cir. 2010); *see also United States v. Padilla*, 508 U.S. 77, 81-82 (1993). "To establish standing, the party contesting the legality of the search bears the threshold burden of establishing that he . . . had a reasonable expectation of privacy in the property searched and the item seized." *King*, 364 F. App'x at 786. For a defendant to have a reasonable expectation of privacy in the apartment of another, he must generally either be a co-resident or overnight guest of the apartment's occupant. *Id.* at 786 n. 6. Although the testimony hear suggests that Petitioner may have once resided in Darby's apartment temporarily, Petitioner himself provided a different address as his dwelling place when questioned by the police. Thus, it is questionable whether Petitioner, to the extent he was not a co-resident or overnight guest, had standing to challenge the search of Darby's apartment. *Id.*

the Court also notes that the suppression of the discovered shotgun was of no ultimate value to Petitioner's cause, and Petitioner was therefore not prejudiced by the failure to object to it. At trial, Petitioner did not deny that a shotgun was used in the carjacking to which he had already pled guilty, nor could he – both the victims and Darby would testify to the use of the weapon. Instead, Petitioner's defense was based entirely on the assertion that it was Darby, in whose home the shotgun was recovered, who possessed the gun and used it on the night of the carjacking, and that Petitioner was unaware of the gun. (*See, e.g.,* Docket No. 13-56 at ECF No. 86 at 14-16). That the gun was recovered from Darby's apartment helped, rather than hindered, Petitioner's defense. Suppressing that information would in no way have supported Petitioner's defense, and Petitioner was therefore not prejudiced by counsel's failure to object to the gun evidence pre-trial for that reason as well.

In his final claim, Petitioner asserts that he received ineffective assistance during plea negotiations because he contends that counsel told him that no one could identify him and that he should therefore not plead guilty to the brandishing charge, leading Petitioner to reject a plea agreement he otherwise would have accepted as to that charge. Although counsel's pre-trial motions suggest that counsel at least on the eve of trial was aware that Darby would testify that Petitioner was the owner and user of the gun during the carjacking, that fact alone does not contradict Petitioner's allegation that, at the time he rejected the offered plea, counsel believed and informed Petitioner that no one could testify that it was Petitioner and not Darby who used and possessed the shotgun. Because the record therefore does not refute Petitioner's allegations, and because Petitioner's allegations, if found credible by the Court following a full hearing on this issue, could support a plausible claim for relief, this Court will grant Petitioner a hearing limited

13

solely to this final claim as discussed above.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims other than his plea-related ineffective assistance claim are without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to those claims, and no certificate of appealability shall issue as to Petitioner's non-plea related claims.

**IV. CONCLUSION**

    For the reasons stated above, this Court GRANTS Petitioner a hearing solely as to his plea-related ineffective assistance of counsel claim, GRANTS Petitioner's request for the appointment of counsel (ECF No. 10) solely for the purposes of that hearing, DENIES all of Petitioner's remaining claims, and DENIES Petitioner a certificate of appealability as to his non-plea related claims. An appropriate order follows.

Dated: September 19, 2018                        *s/ Susan D. Wigenton*
                                                           Hon. Susan D. Wigenton,
                                                           United States District Judge